LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
336 Bon Air Center, #251
Greenbrae, CA 94904
Tel: 415.793.3542
Email: lgt@lgt-law.com

Attorney for Plaintiff
DAVID OPPENHEIMER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID OPPENHEIMER, an individual, | Case No. |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT** |
| v. | |
| MARY ANN WALLACE dba HOMES BY WALLACE, KRISTEN WALLACE dba HOMES BY WALLACE, COMPASS CALIFORNIA II, INC., a California Corporation, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants Mary Ann Wallace dba Homes by Wallace, Kristen Wallace dba Homes by Wallace, and Compass California II, Inc., a California corporation ("Defendant" or "Defendants"), alleges:

**THE PARTIES**

1.     Plaintiff is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

2.  Plaintiff is informed and believes, and thereon alleges, that Defendants Mary Ann Wallace and Kristen Wallace are individuals residing and working as real estate agents in the State

COMPLAINT FOR COPYRIGHT INFRINGEMENT

of California ("Wallace Defendants").

3.   Defendant Compass California II, Inc. is a California corporation and was listed at the California Department of Real Estate as the responsible broker for the Wallace Defendants. Defendant Compass California II, Inc.  was the responsible broker during a period of time that it was charged with supervising the Wallace Defendants when their acts of copyright infringement occurred as alleged herein.

**JURISDICTION AND VENUE**

1.   Plaintiff's claim for copyright infringement confers original jurisdiction under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

2.   Defendant has its principal offices within the Northern District of California. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. § 1338.

3.   Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. §§ 1391(b) and (c). Defendant is subject to the personal and general jurisdiction of this Court in this judicial district because the contacts of Defendant with this judicial district are substantial, continuous, and systematic, and the infringing acts occurred in and were directed at this judicial district.

**INTRODUCTORY FACTS**

4.    Oppenheimer is a professional photographer, and is the author (photographer) of the aerial photograph of a neighborhood in Sunnyvale, California ("Work"), included in and attached hereto as **Exhibit 1** for reference. At all times relevant to this claim, Oppenheimer has been and is now the sole owner and proprietor of all right, titles, and interest in and to the copyright of the Work.

5.    Oppenheimer makes his photographic works, including the Work, available for print sales and licensing at his website https://performanceimpressions.com.

6.    Plaintiff has complied in all respects with Title 17 U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and has registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a

COMPLAINT FOR COPYRIGHT INFRINGEMENT

true and correct copy of the certificate of registration and the deposit photograph for the registration certificate, covering the subject photograph, bearing U.S. Copyright Registration No. VA 2-169-384 issued and effective as of August 26, 2019.

7.      At all relevant times hereto, Plaintiff has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and the Work. Plaintiff's copyright in the above-described Work is presently valid and subsisting, was valid and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

8.      As is his pattern and practice, Oppenheimer had clearly marked copies of the Work with his CMI on the face of the Work, embedded within the metadata, and/or in legible captions adjacent to the Work where published or displayed. Oppenheimer's facial CMI consists of visible and legible watermarks and is displayed on the face of the works on each copy that he publishes; CMI in the metadata includes notices of copyright, a declaration stating "All Rights Reserved," and usage licensing instructions, in addition to Oppenheimer's address, phone number, email, and his photography company's website URL, and CMI in adjacent captions where published contain additional notices of copyright. Plaintiff does this to distinguish his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title to it.

9.      Plaintiff is informed and believes, and thereon alleges that at all times relevant hereto, each of the Defendants, named or to be named, was an agent, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venturer, alter-ego and/or employment relationship and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

10.    Within three (3) years of filing suit, Plaintiff discovered that one or more of the Defendants, or someone at their direction, infringed his copyright by copying, uploading, displaying, distributing, and/or publishing (or directing others to do so) the Work for the purpose of promoting the real estate services of the Wallace Defendants.

11.    The Work was displayed by Defendants on (at least) the following URLs on these social media sites:

Webpage URLs:
1.  https://www.facebook.com/photo/?fbid=937136497271829&set=pb.100029264633624.-2207520000

2.  https://www.linkedin.com/feed/update/urn:li:activity:7038724007239573505/

3.  https://www.instagram.com/p/CpeAVbKp20P/

Image URLs:
1.  https://scontent-atl3-1.xx.fbcdn.net/v/t39.30808-6/334553897_1144550469557908_3116739674556604826_n.jpg?_nc_cat=100&ccb=1-7&_nc_sid=730e14&_nc_ohc=IxVr-lNTvyIAX_cfzE9&_nc_ht=scontent-atl3-1.xx&oh=00_AfClj5MboyQSg_-nDSKjfQd51dPJhLnUiBWYxAkibYv9_w&oe=641EA680

2.  https://media.licdn.com/dms/image/C5622AQHnEEmsb2V04A/feedshare-shrink_800/0/1678162575801?e=1718841600&v=beta&t=tdQ5-MY_LL0gfNzglVCUvmKNzdate11Pibo-Qdd61ec

3    https://scontent-atl3-1.cdninstagram.com/v/t51.29350-15/334437600_875662243520540_4381667088846405306_n.jpg?stp=dst-jpg_e35&_nc_ht=scontent-atl3-1.cdninstagram.com&_nc_cat=108&_nc_ohc=xPhWjXgA0d4Q7kNvgE0vRoi&edm=ANTKIIoBAAAA&ccb=7-5&oh=00_AYDgI9QmybMwhjtnPGX1vgJkpHkZQhKTlC_9atVRaL6GEg&oe=664AC580&_nc_sid=cf751b

All such infringements are evidenced by documents attached at **Exhibit 3**.

Through subsequent communications, a resolution could not be reached, and so this suit was filed.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

12.    Plaintiff re-alleges and incorporates paragraphs 1 – 11 above as if recited

4

*verbatim.*

13.    Defendants have non-willfully infringed Plaintiff's copyright in and to the Work by scanning, copying, reproducing, distributing, publishing and/or otherwise using, an unauthorized copy of said photograph within the United States in violation of Title 17.

14.    Upon information and belief, Defendants have benefitted from infringement of the Work, while Plaintiff has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Plaintiff is entitled to injunctive relief, damages, and other relief set forth under Title 17.

## COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

15.    Plaintiff re-alleges and incorporates paragraphs 1 – 14 above as if recited *verbatim.*

16.    Alternatively, Defendants have recklessly/willfully infringed Plaintiff's copyright in and to the Work[1] by scanning, copying, reproducing, distributing, publishing, displaying and/or otherwise using, an unauthorized copy of said photograph in violation of Title 17.

17.    As a result of Defendant's above-described acts of copyright infringement, Plaintiff has sustained actual damages or, alternatively, is entitled to statutory damages and attorneys' fees in an amount not yet ascertained.

## COUNT III – VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT

18.    Plaintiff re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim.*

19.    As is his pattern and practice, Oppenheimer had clearly marked the Work with CMI on the face of the Work, in legible captions adjacent to the Work where published, and embedded as metadata within the Work as alleged above. Oppenheimer does this to distinguish and identify his works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he owns all rights and title to it, from legible facial watermarks, notices of copyright in captions adjacent to the Work where published, and from the metadata within the Work.

5

20.    In accomplishing the infringements identified above, and upon information and belief, the Defendant, or a third party at its behest, intentionally removed CMI from the Work, altered CMI, and/or altered it to include false CMI. Defendant also omitted additional CMI from the caption of the unauthorized copies of the Work that they copied, distributed, displayed, and/or published.

21.    Upon information and belief, the Defendant, or a third party at its behest, distributed copies and/or derivatives of the Work knowing that CMI had been added, removed, and/or altered, and/or false CMI was added, all without authorization.

22.    At the time that CMI was added, removed and/or altered from the Plaintiff's Work, and at the time the Work was published, displayed, or distributed having had CMI added, removed and/or altered, Defendant knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Plaintiff's copyright.

23.    Plaintiff is entitled to and seeks recovery of statutory damages from Defendant not less than \$2,500, and not exceeding \$25,000 under 17 U.S.C. § 1203(c)(3)(B) for each act committed in violation of his rights under 17 U.S.C. §§ 1202(b)(1) and 1202(b)(3).

24.    Pursuant to 17 U.S.C. § 1203(b)(5), Plaintiff is entitled to recover, and therefore seeks the recovery of reasonable attorney's fees and costs under the lodestar method.

## CAUSATION/DAMAGES

25.    As a result of Defendants' above-described acts of copyright infringement, Plaintiff has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringement, statutory damages; research time tracking down and documenting the infringement, research time tracking down and emailing and calling the Defendants, and attorneys' and paralegals' time trying to amicably resolve the matter, and for the drafting, filing and service of this complaint, citations, waivers of service and related documents.

## RELIEF REQUESTED

1.    Plaintiff demands an accounting of Defendants' activities in connection with their

COMPLAINT FOR COPYRIGHT INFRINGEMENT

infringing uses of his copyright in and to the above-described and attached Work, as well as disgorgement of profits attributable to the infringing activities, and all other benefits realized by Defendants through their infringing activities.

2.    Plaintiff is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendants' profits attributable to the infringement.

3.    Alternatively, and at Plaintiff's election, because the Work was registered prior to Defendants' infringement, Plaintiff is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars), plus costs and attorney's fees, pursuant to 17 U.S.C. § 504(c) and § 505.

4.    That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing the Work in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing the Work, and from using it in marketing or advertising;

5.    That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all copies of the Work that infringe Plaintiff's copyright, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Defendants;

6.    That Defendants provide an accounting of all gains, profits and advantages it derived as a result of the willful and unlawful acts of copyright infringement above-described;

7.    That Defendants be ordered to pay over to Plaintiff his actual damages sustained, in addition to all of its profits attributable to the infringement, and which are not taken into account in computing Plaintiff's actual damages incurred as a result of Defendants' copyright infringement described herein, pursuant to 17 U.S.C. § 504(b);

8.    In the alternative, and at Plaintiff's election after verdict, that Defendant be ordered to pay maximum statutory damages in the amount of $150,000 for the Work infringed pursuant to 17 U.S.C. § 504(c), or such other amount as the jury may deem appropriate;

9.    That in addition to the above, the Defendants be ordered to pay over to Plaintiff

7

COMPLAINT FOR COPYRIGHT INFRINGEMENT

actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not taken into account in computing Plaintiff's actual damages – pursuant to 17 U.S.C. § 1203(c)(2);

10. That, in the alternative to actual damages under the DMCA, and at Plaintiff's election after verdict, the Defendants be: 1) ordered to pay to Plaintiff the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; and 2) permanently enjoined and prohibited from omitting, removing, and/or altering CMI in or on Plaintiff's works in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(3);

11. That Defendants be ordered to pay to Plaintiff all of his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and § 505 and 17 U.S.C. § 1203(b)(5); and

12. That Plaintiff recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

Dated: March 20, 2026                    LAW OFFICES OF LAWRENCE G. TOWNSEND

                                         *s/Lawrence G. Townsend*
                                         Lawrence G. Townsend
                                         Attorney for Plaintiff
                                         DAVID OPPENHEIMER

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 20, 2026                    LAW OFFICES OF LAWRENCE G. TOWNSEND

                                         *s/Lawrence G. Townsend*
                                         Lawrence G. Townsend
                                         Attorney for Plaintiff
                                         DAVID OPPENHEIMER

8

COMPLAINT FOR COPYRIGHT INFRINGEMENT